HUDSON v. CHILDREE et al.

(Court of Civil Appeals of Texas. Texarkana. March 27, 1913.)

1. JUDGMENT (§ 527*) — CONSTRUCTION — FRAUDULENT CONVEYANCE.

A judgment in an action on a note, secured by a chattel mortgage, and to foreclose the mortgage, rendered for plaintiff for the amount of the note, involved a specific finding that the note secured was for a valid indebtedness and that no fraud was proved as to the indebtedness.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 970; Dec. Dig. § 527.*]

2. FRAUDULENT CONVEYANCES (§ 27*)—GIVING SECURITY.

If the debt which is the subject of the security is a valid and subsisting debt and a bona fide transaction, evidenced by a note, then the fact of executing a mortgage intended by the parties as security is not sufficient to make the mortgage void as to creditors, especially where there had been an agreement in advance of the note for the security.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 66–71; Dec. Dig. § 27.*]

3. FRAUDULENT CONVEYANCES (§ 271*)—MORTGAGE—PRESUMPTION.

There is no presumption of law that a mortgage of property is made with fraudulent intent, if the mortgagor at the time is actually indebted to another.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 796–798, 821; Dec. Dig. § 271.*]

4. FRAUDULENT CONVEYANCES (§ 115*)—PREFERENCES.

A debtor may prefer one creditor by giving security for a valid indebtedness, though it hinders and delays other creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 370, 375–377; Dec. Dig. § 115.*]

5. EXECUTION (§ 40*)—EQUITY OF REDEMPTION.

The equity of redemption in property mortgaged to secure a note is subject to levy and sale at the suit of other creditors.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 50, 88–94; Dec. Dig. § 40.*]

Appeal from District Court, Morris County; P. A. Turner, Judge.

Action by John Hudson against S. C. Childree and others. From a judgment for plaintiff against Childree and that he take nothing against J. W. Patterson, one of the defendants, plaintiff appeals. Affirmed as to Childree, and reversed and rendered against Patterson.

In February, 1910, the appellant agreed with S. C. Childree to lend him money, with the understanding at the time that Childree was to secure the money loaned by a chattel mortgage on his crop. Beginning with the month of February, and on each succeeding month to September 3d, the appellant had advanced Childree money to the total amount of $95. On September 3, 1910, Childree executed and delivered to appellant his note for the sum of $100, due November 1st following, and at the same time executed a chattel mortgage on his crop of cotton and corn grown on 13 acres of land to secure the payment of the indebtedness. At the previous request of appellant Childree placed the chattel mortgage of record in the county clerk's office on September 5, 1910. Childree was a tenant on the farm of K. E. Smith and was paying one-fourth of the cotton raised as rent for the premises. Appellant was a son-in-law of Childree, but did not live with him. Childree was indebted by note to appellee Patterson; the note was due in 1907; and just prior to the execution of the chattel mortgage Patterson asked Childree for the payment of the same or its security, and Childree did not agree to secure the same. About the 1st of September or the last of August, 1910, appellee Patterson filed a suit on the note in the justice court against Childree, obtained judgment on September 17th, and caused execution to be levied on two bales of cotton covered by the chattel mortgage to appellant. The two bales of cotton were sold under execution on October 17, 1910, and brought $122.08. The rent of one-fourth was paid by appellee Patterson to the landlord out of the proceeds of the sale, and the balance was applied by him on his judgment. Appellant thereafter sued Childree on the note and to have foreclosed the chattel mortgage, and appellee for the value of the cotton converted by him. The court rendered judgment for appellant against Childree for the amount of the note and that appellant take nothing against J. W. Patterson.

Henderson & Bolin, of Daingerfield, for appellant. Moore & Hart and P. A. Turner, all of Texarkana, for appellees.

LEVY, J. (after stating the facts as above). The assignment presents the point that appellant was entitled to have judgment against appellee Patterson for the value of

the cotton converted by him. The facts are admitted that appellee Patterson had seized and sold under execution two bales of cotton covered by a registered chattel mortgage to appellant, and appropriated the proceeds, less the rent, to his own benefit. And these facts authorized, it is not doubted, a recovery by appellant, unless, as argued by appellee, the note and mortgage to appellant were executed to hinder, delay, and defraud creditors. As the record is here, it cannot be said, from the findings of the court and the evidence, that the indebtedness and security therefor given to appellant are fraudulent and unenforceable against appellee Patterson.

[1] The court entered a judgment for the amount of the note in favor of appellant against Childree, and this involves the specific finding by the court that the note secured was for a valid indebtedness and that no fraud was proved as to the indebtedness. And the evidence supports this conclusion of the court.

[2] If the debt which is the subject of the security is a valid and subsisting debt and a bona fide transaction evidenced by a note, as found by the court, then the simple fact of executing a mortgage intended by the parties as security is not sufficient to make the mortgage void as to creditors.

[3] There is no presumption of law that a mortgage of property is made with fraudulent intent if the mortgagor at the time is actually indebted to another. There being a valid and subsisting debt and a mortgage intended by the parties as security, then the legal effect of such obligation is a valid security for a lawful purpose and enforceable against all claiming subsequently to the registered mortgage. The mortgage on its face shows and has the legal effect that it was given only as simple security for the debt, for it expressly provides that the excess, after paying the specified amount of the note, was to be paid over to the mortgagor.

[4] The giving of the agreed security for the valid debt may have the effect of a preference between appellee and appellant as creditors, and to hinder and delay other creditors; but as said in Hardware Co. v. Kaufman & Runge, 77 Tex. 137, 8 S. W. 287: "It is settled in this court that, so far as the statute of frauds is concerned, this is legitimate and not fraudulent."

[5] The equity of redemption in the mortgage property being subject to levy and sale at the suit of other creditors, the excess after paying the secured debts was not placed beyond their reach. Besides, the fact is significant here that Childree agreed with appellant to give the mortgage at the inception of the indebtedness, and there is no suggestion in the evidence that such was not the agreement.

In view of the finding by the court, the appellant was entitled to have judgment against appellee Patterson for the value of the cotton, less the rent paid, and the judgment is reversed and here rendered for appellant against the appellee J. W. Patterson for the sum of $91.56 and costs of appeal. The judgment against the appellee Childree will be affirmed, and the costs of the courts below will be taxed generally against both appellees.